UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID L. SPALDING, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>  )<br>JUDICIAL CONFERENCE )<br>OF THE U.S. *et al.*, )<br>  )<br>  Defendants. ) | Civil Action No.  21-2182 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff, a federal prisoner in Texarkana, Texas, sues the Judicial Conference of the United States and the Director of the Administrative Office of the U.S. Courts. He also names as defendants three Federal Public Defenders in Dallas, Texas, and the Chief Clerk of the U.S. Court of Appeals for the Fifth Circuit. *See* Compl. Caption. The complaint captioned "An

Appointment Clause Challenge" rests on the erroneous premise that "[t]he DC Court review is fully warranted to ensure that when a branch of the Gov'n - the Judiciary Branch violates the 'core structural provisions and requirements of our Constitution' - this DC Court can provide a successful allowance for the challenge and an effective remedy to the petitioner." Compl., Dkt. # 1 at 11. The prolix complaint, to the extent intelligible, seeks review of plaintiff's criminal conviction in the U.S. District Court for the Northern District of Texas and the Fifth Circuit's affirmance of the conviction. *See id*. at 16-17; Compl. Exhibits, Dkt. # 1-2 at 3-14 (portions of the trial record). Plaintiff wants this "District Court of the District of Columbia to vacate the petitioner's criminal case conviction, to vacate the civil forfeiture case, to vacate the 5th Circuit Court appeal, and order a new trial, with properly appointed Constitutional actors." Compl. at 35.

Federal district courts such as this lack jurisdiction to review another court's decisions and order it to take any action. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *accord Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126, n.6 (D.D.C. 2017) ("It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act."). Moreover, it is axiomatic that a lower federal court has no authority over an appellate court. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992 ) (per curiam) (internal quotation marks and citation omitted)). Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate order accompanies this Memorandum Opinion.

                                            _____/s/_____
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge

DATE: November 30, 2021